UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE JOHNSON,<br><br>                  Plaintiff,<br><br>v.<br><br>THOMAS SCESNIAK, et al.,<br><br>                  Defendants. | No. CR04-2132P<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |

      This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Having considered all relevant papers and pleadings, the Court GRANTS Defendant's Motion as to Plaintiff's Intentional Infliction of Emotional Distress and Slander of Title claims. The Court DENIES Defendant's Motion as to Plaintiff's Breach of Contract and Good Faith and Fair Dealing Claims and Breach of Fiduciary Duty. Likewise the Court also DENIES Defendant's Motion as to Plaintiff's Fraud, Mortgage Brokers Practice Act (MBPA), Washington Consumer Protection Act (WCPA), and Truth In Lending Act (TILA) claims.

BACKGROUND

      Plaintiff has owned her home for thirty-four years. In November 2001, she went to the Mortgage Net (now, d/b/a Home Capital Funding) offices and met with Mr. Scesniak, who told her that he could help her to get a low-cost, low-interest loan ("the first loan"). The loan was provided by Long Beach Mortgage ("LBM"), with Home Capital Funding ("HCF") acting as the broker agency. Without providing any prior disclosures or documentation, Defendants provided Plaintiff

ORDER - 1

with a loan for $138,000 at a fixed 10.15% interest rate. The fees charged on this loan amounted to 4.92% of the value of the loan and included a "loan discount fee."

In early 2003, Plaintiff returned to the offices of HCF to see if she could get a small loan to see her through a temporary hardship. Plaintiff met again with Mr. Scesniak, who informed her that he could not broker a new loan for her, but that he could give her a loan if she would agree to sign a Quitclaim deed on her house and temporarily transfer it to him. In exchange, he gave her approximately $12,000.00 ("the second loan"). Plaintiff alleges that her home was worth around $258,000 and that Defendant Scesniak originally represented that she could buy the title back from him at any time. Plaintiff further alleges that she was given no time to review the contracts that she signed in connection with this agreement. When Plaintiff met with Mr. Scesniak prior to the signing of the second loan, she owed approximately $163,000.00 in connection with her property, including the balance she owed to Long Beach Mortgage, real property taxes, and homeowner's insurance. She alleges that she owes far more now. Defendant Scesniak has allegedly threatened to evict Plaintiff from her home and stated that she will need to pay him extra fees to reclaim ownership of her home. At all times, Plaintiff alleges that Defendant Scesniak worked as an agent for HCF.

## ANALYSIS

Fed. R. Civ. P. 12(b)(6) authorizes this Court to accept as true all of the material factual allegations of the Complaint, and the Court must construe all reasonable inferences in the light most favorable to the non-moving party. Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998). The Court will not dismiss a complaint unless Defendant shows that Plaintiff can "demonstrate no set of facts in support of [her] claim which would entitle [her] to relief." Parks School of Business v. Symington, 51 F. 3d 1480, 1484 (9th Cir. 1995). Plaintiff has submitted a Declaration (Dkt. No. 17) in conjunction with her responsive brief in this matter. The Court will not consider that declaration because it is not proper for a Court to look beyond a Plaintiff's pleading papers and the exhibits submitted therewith when conducting the 12(b)(6) inquiry. Schneider v. Cal. Dept. of Corrections, 151 F. 3d 1194, 1197 n.1 (9th Cir. 1998).

## I. Intentional Infliction Of Emotional Distress:

In Washington, the tort of Intentional Infliction of Emotional Distress ("IIED," or outrage) are: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." Rice v. Janovich, 109 Wn. 2d 48, 61, 742 P. 2d 1230 (1987). Here, Plaintiff has pled no physical or mental symptoms, or other results that might stem from emotional distress. For this reason, the Court must GRANT Defendant's Motion as to this claim.

## II. Slander of Title:

Under Washington law, the definition of slander of title is: "(1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." Rorvig v. Douglas, 123 Wn. 2d 854, 859, 873 P. 2d 492 (1994). Here, Plaintiff alleges that she was made to sign a Quitclaim deed that transferred her property to Mr. Scesniak in order to secure a second loan of approximately $12,000.00. However, she does not allege that this deed was ever published. Defendant's Motion is also GRANTED as to this claim.

## III. Breach of Contract and Breach of Good Faith and Fair Dealing

A. <u>Plaintiff Appropriately Alleges the Existence of a Contract with Defendant HCF</u>

Plaintiff alleges that Mr. Scesniak was not the sole participant in the second loan transaction because Mr. Scesniak acted as HCF's agent in supplying Ms. Johnson with her second loan. "Whether an agent has apparent authority to make a contract depends upon the circumstances and is to be decided by the trier of fact." Costco Wholesale Co. v. World Wide Licensing Co., 78 Wn. App. 637, 646, 898 P.2d 347 (1995). Depending on the characterization of an agent, a principal may be liable for unauthorized entry into a contract. Id. Plaintiff alleges that every meeting she had with Mr. Scesniak was in Defendant's Seattle office. Plaintiff also alleges that at no time did Mr. Scesniak advise her that he was acting independently from his position with Defendant during the transaction. Plaintiff has sufficiently pled that Defendant had control over Mr. Scesniak's transactions and

authorized him to act on its behalf. This Court finds that Plaintiff alleged an existence of a contract with Defendant.

B. <u>Plaintiff Appropriately Alleges a Breach of Good Faith and Fair Dealing</u>.

Plaintiff has sufficiently alleged a breach of the implied contractual duty of good faith and fair dealing regarding her second loan to survive a 12(b)(6) dismissal. In every contract there is an implied duty of good faith and fair dealing. <u>Badgett v. Security State Bank</u>, 116 Wn. 2d 563, 569, 807 P.2d 356 (1991). The duty of good faith and fair dealing "arises only in connection with terms agreed to by the parties." <u>Id.</u> As stated above, Plaintiff has appropriately alleged the existence of a contract regarding the second loan that includes Mr. Scesniak and HCF. Plaintiff has also alleged that Defendant failed to perform the obligations imposed by their agreement in good faith. Plaintiff states that Mr. Scesniak originally represented that she could buy the title back from him at anytime, but the Option Agreement does not permit her to buy her home back until July 2006. When Plaintiff met with Mr. Scesniak prior to signing the second loan, she owed approximately $163,000.00 in connection with her property, including the balance she owed to Long Beach Mortgage, real property taxes, and homeowner's insurance. However, as a result of the Option Agreement Plaintiff alleges that she now has a much greater debt. This Court should find that Plaintiff has sufficiently alleged the claim of breach of good faith and fair dealing.

C. <u>Invalidity of the Second Loan Contract</u>

The Complaint also asserts that the Option Agreement is entirely void because it is really a lease disguised as a loan and as such, violates Washington statutes regarding the making of loans. (Compl. ¶ 2.3). Plaintiff also alleges that the Option Agreement may be found to be a lease that violates Seattle and Washington's Landlord Tenant Statutes because it attempts to transfer responsibilities of a landlord (here, Defendant HCF and Mr. Scesniak) to the lessee, Plaintiff (Compl. ¶ 2.3) Although Plaintiff fails to cite to the applicable statutes the Option Agreement violates, Defendant makes no mention whether the Option Agreement is generally enforceable. For these

ORDER - 4

reasons, this Court will allow Plaintiff's claim that the Option Agreement is an invalid contract to withstand a 12(b)(6) dismissal.

**IV.     Fiduciary Duty:**

Plaintiff has pled a breach of fiduciary duty because Plaintiff has alleged a quasi-fiduciary relationship for 12(b)(6) purposes.  Defendant argues that Plaintiff's cause of action for breach of fiduciary duty should be dismissed because Washington law does not generally make a lender a fiduciary of its borrower.  Miller v. U.S. Bank of Washington, 72 Wn. App. 416, 426-27, 865 P. 2d 536 (1994).  However, Defendant's use of Miller to support its motion for dismissal ignores a fundamental part of that case's holding.   The court in Miller also held that there may be a fiduciary relationship where there is a "special relationship" between the borrower and lender.  Id. at 427., (citing Tokarz v. Frontier Fed. Sav. & Loan Ass'n. 33 Wn. App. 456, 460, 656 P. 2d 1089 (1982)).  A court may also find a quasi-fiduciary relationship where, "the lender has superior knowledge and information, the borrower lacks such knowledge or business experience, the borrower relies on the lender's advice, and the lender knew the borrower was relying on its advice."  Id., (citing Tokarz., 33 Wn. App. at 460).  Here, Plaintiff has pled that Defendant HCF was the only lender she knew of, that she returned to them when she was in financial difficulty, and that she did not know the terms of her loans when she signed the loan papers.  Taking all facts alleged as true and making all inferences in favor of the Plaintiff, the Court finds that Plaintiff has sufficiently made pleadings that allege that a fiduciary duty possibly existed Plaintiff and HCF and that HCF may have breached that duty.

**V.     Fraud and Claims that "Sound in Fraud":**

A.  Fraud

Defendant argues that Plaintiff has not sufficiently alleged fraud regarding her first and second loan under Fed. R. Civ. P. 9(b), heightened pleading requirement. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. CIBA-GEIGY Corp., 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  Defendant's argument rests on both Fidelity Mortgage Co. v. Seattle Times Co., 213

F.R.D. 573, 574 (W.D. Wash. 2003), and Segal Co. (Eastern States), Inc. v. Amazon.Com., 280 F. Supp.2d 1229 (W.D. Wash. 2003), where the courts found insufficient particularity in the fraud claims pled.  In Segal, the court found that the complaint's reference to certain "representatives" of defendant was too vague to sufficiently identify the alleged perpetrators for a fraud claim. Additionally, the Segal plaintiff made the unspecific allegation that defendant made misrepresentations during "several weeks" 280 F. Supp.2d at 1231 (citation omitted).  In Fidelity, the court held that plaintiff failed to plead fraud with particularity because the plaintiff "failed to set-forth *why* the information published" was false or misleading.  213 F.R.D. at 575.  Unlike the plaintiffs in Segal and Fidelity, Plaintiff adequately identifies the Defendants, including HCF, as well as the alleged fraudulent statements by Mr. Scesniak.  Plaintiff cites specific dates in her Complaint.  Plaintiff also explains why Scesniak's statements regarding both loans were false. For these reasons, this Court finds that Plaintiff sufficiently pled fraud regarding both loans for the purposes of a 12(b)(6) motion.

B.  The Mortgage Brokers Practices Act (MBPA)

Defendant contends that the Plaintiff's MBPA claim "sounds in fraud"and that this Court should grant its 12(b)(6) Motion on this claim because it has not been pled with particularity as required by Fed. R. Civ. P. 9(b).   However, Plaintiff has appropriately alleged a violation of the MBPA, Wash. Rev. Code § 19.146.030 (2005), under the notice pleading requirements of Fed. R. Civ. P. 8(a)(2) because there is no fraud element for this claim.  In support of their argument, Defendants cite to Fidelity, which held that plaintiff's Truth in Lending Act, Washington Consumer Protection Act, and Mortgage Broker Practices Act claims must all be dismissed because they were all grounded on the allegation that defendants knowingly published false information regarding interest rates and plaintiff failed to plead these claims with particularity under Rule 9(b).  213 F.R.D. at 574-75.  In the case at hand, however, not all of Plaintiff's claims are grounded in "unified, fraudulent course of conduct."  Vess, 317 F. 3d at 1106.  Instead, Plaintiff's MBPA allegations are based on a failure to disclose section of Wash. Rev. Code § 19.146.030(1)(2005). The Washington Mortgage Broker Practices Act (MBPA) provides:

ORDER - 6

> Within three business days following receipt of a loan application or any moneys from a borrower, a mortgage broker shall provide to each borrower a full written disclosure containing an itemization and explanation of all fees and costs that the borrower is required to pay in connection with obtaining a residential mortgage loan. . . .

Wash. Rev. Code § 19.146.030(1) (2005).

Plaintiff has alleged that she did not receive any such disclosure from Defendants HCF or Mr. Scesniak. For this reason the Court finds that Plaintiff need only make a "short and plain statement" regarding this allegation.

C. Washington Consumer Protection Act (WCPA):

Defendant also contends that Plaintiff's WCPA claim must fail because she failed to plead her WCPA claim with particularity as required by Fed. R. Civ. P 9(b). Additionally, Defendant HCF argues that Plaintiff has not sufficiently alleged that her claim can meet the public interest prong of the WCPA.

Plaintiff is not required to plead this claim with particularity because Defendant's alleged violation of the WCPA is not grounded in fraud, but in the Mortgage Broker Protection Act (MBPA). Wash Rev. Code §19.146.100. As discussed above, the MBPA requires a mortgage broker to make timely disclosures of all fees and costs a borrower is to pay. Brazier v. Security Pacific Mortgage Inc., 245 F. Supp.2d 1136, 1142 (W.D. Wash. 2003). Defendant's alleged violations of the MBPA that occurred in connection with both the first and second loans constitute a per se violation of WCPA. Section 19.146.100 of the Washington Revised Code explicitly states:

> The legislature finds that the practices governed by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. Any violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act or practice and unfair method of competition in the conduct of trade or commerce in violation of RCW 19.86.020.

Defendant's argument that no "public interest" is affected by its alleged actions is also overcome by the MBPA's above-quoted language.

ORDER - 7

D.  Truth In Lending Act:

Plaintiff has sufficiently alleged a violation of the TILA under the notice pleading requirements of Fed. R. Civ. P. 8 (a)(2) for purposes of a 12(b)(6) Motion because there is no fraud element for this claim.  The Truth In Lending Act (TILA) claim is not based on a claim of fraud, but on an allegation of non-disclosure.  TILA is codified at 15 U.S.C. 1601 *et seq*.  "Regulation Z," enacted pursuant to TILA requires creditors and brokers to make disclosures to debtors in writing, in a form they may keep.  12 C.F.R. §226.5.  The Ninth Circuit has held that even "technical violations" of TILA's requirements can impose liability on a lender.  Jackson v. Grant, 890 F. 2d 118, 119 (9th Cir. 1989).

Plaintiff has alleged here that she did not receive any disclosures from any of the Defendants prior to receiving her loans.  This allegation is a sufficient one, under TILA, to allow her to proceed to the discovery stage of the litigation.

CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion as to Plaintiff's Intentional Infliction of Emotional Distress and Slander of Title claims.  The Court DENIES Defendant's Motion as to Plaintiff's Breach of Contract and Good Faith and Fair Dealing Claims and Breach of Fiduciary Duty.  Likewise the Court also DENIES Defendant's Motion as to Plaintiff's Fraud, Mortgage Brokers Practice Act (MBPA), Washington Consumer Protection Act (WCPA), and Truth In Lending Act (TILA) claims.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: April 14, 2005.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 8